IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

| | |
|---|---|
| **SCA HYGIENE PRODUCTS AKTIEBOLAG** and **SCA PERSONAL CARE, INC.**, <br><br> Plaintiffs, <br><br> v. <br><br> **FIRST QUALITY BABY PRODUCTS, LLC**, **FIRST QUALITY HYGIENIC, INC.**, **FIRST QUALITY PRODUCTS, INC.**, and **FIRST QUALITY RETAIL SERVICES, LLC**, <br><br> Defendants. | Civil Action No. 1:10-CV-122-M |

## SCA'S SUR-REPLY TO FIRST QUALITY'S BILL OF COSTS

As explained in SCA's opposition to First Quality's Bill of Costs, the Court's award of costs for transcripts should not exceed $9,149.41.  As explained below, the Court's award of costs for copies and exemplification should not exceed $2,539.16, and the total award of costs should therefore not exceed $11,688.57.  First Quality does not oppose SCA's request that enforcement of the Bill of Costs be stayed pending the appeal pursuant to Fed. R. Civ. P. 61, and that the requirement that SCA post a bond be waived.  SCA does not oppose First Quality's request that the Court timely issue a ruling on the Bill of Costs.

While First Quality admits that it sought costs to which it was not entitled in the amount of $43,812.54, First Quality's Revised Bill of Costs still includes $128,937.39 of costs for items that are not taxable and for amounts that are not reasonable.

### A. First Quality Is Not Entitled To Recover More Than $2,539.16 For Copies

First Quality is seeking to recover $97,783.11 for unexplained "electronic discovery and

document processing" costs. (ECF # 127-1 at 7.) However, many courts have recently found that most services relating to "electronic discovery" and "document processing" are not recoverable. For example, the Third Circuit recently found that electronic discovery vendors' work "would not qualify as fees for 'exemplification'" under the statute, and that vendor charges must be carefully scrutinized on a service-by-service basis to ascertain whether they qualify as "costs of making copies of any materials." *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 674 F.3d 158, 166 (3d Cir. 2012). In accordance with rulings by the Sixth and Seventh Circuits, the Court noted that "only the conversion of native files to TIFF (the agreed-upon default format for production of ESI), and the scanning of documents to create digital duplicates are generally recognized as the taxable 'making copies of material.'" *Id.* at 167 (citing *BDT Prods. v. Lexmark Int'l, Inc.*, 405 F.3d 415, 420 (6th Cir. 2005) ("[E]lectronic scanning and imaging could be interpreted as "exemplification and copies of papers."); *Hecker v. Deere & Co.*, 556 F.3d 575, 591 (7th Cir. 2009) (costs of "converting computer data into a readable format in response to plaintiffs' discovery requests . . . are recoverable under 28 U.S.C. § 1920.")). Although the prevailing party sought $365,000 in electronic discovery charges, the Court awarded only the $20,083.51 representing scanning and TIFF conversion. *Race Tires Am.*, 674 F.3d at 167. Similarly, the Fourth Circuit has restricted recovery of electronic discovery costs to "converting electronic files to non-editable formats, and burning the files onto discs," and found that expenses related to electronically stored information ("ESI") are not taxable fees for "exemplification." *Country Vintner of N.C. v. E. & J. Gallo Winery*, 718 F.3d 249, 258–61 (4th Cir. 2013).

      Here, most of the costs that First Quality seeks to recover are for document processing and are unrelated to document scanning or image conversion. Only invoice numbers 1263792,

1372775, 1387380, 5673, 6124, and 6206 (representing $2,539.16 in total) contain any reference to document scanning or TIFF conversion. Accordingly, this Court should not award fees for copies or exemplification in excess of $2,539.16.

    **B.    First Quality Is Not Entitled To Recover More Than $9,149.41 For Transcripts**

First Quality still seeks to recover $33,693.44 for expenses relating to fees for transcripts that are not reasonable or not taxable. First Quality's circular arguments relating to the expenses associated with its choice to use TSG Reporting services for depositions noticed by First Quality are without merit. While First Quality attempts to cloud the issue by pointing to reporter and videographer appearance fees, the simple fact is that TSG Reporting charges considerably more than Magna Legal for the same transcript and videographer services. A comparison of the same service—a per-page transcript cost (TSG Reporting: $4.75/page, Magna Legal: $2.95/page)—clearly illustrates this difference. SCA should not have to pay for First Quality's choice to use a more expensive reporting service for the depositions First Quality noticed. Similarly, SCA should not have to pay for First Quality's choice to use color copies of already-produced documents, or to purchase multiple copies of already-produced documents merely because they were introduced at a deposition. Nor should SCA have to pay for First Quality's choice to obtain videotape copies of all depositions without regard to whether or not the witness was key to First Quality's case. As set forth in SCA's Exhibit A, First Quality is not entitled to costs greater than $9,149.41 for fees for transcripts.

**II.    CONCLUSION**

For the foregoing reasons, SCA respectfully submits that this Court should issue a stay of enforcement of an award of costs and waive any bond requirement. Additionally, for the reasons set forth above, certain costs in the amount of $128,937.39 are not taxable costs pursuant to 28

U.S.C. § 1920, and the Court should limit any award of costs accordingly.

Dated:  September 18, 2013

Respectfully submitted,

ENGLISH, LUCAS, PRIEST & OWSLEY, LLP

1101 College Street
Bowling Green, KY 42102-0770
Tel.: (270) 781-6500
Fax: (270) 782-7782
E-mail: kames@elpolaw.com

*s/ E. Kenly Ames*
MICHAEL A. OWSLEY
E. KENLY AMES

- and -

Martin J. Black (*pro hac vice*)
Kevin M. Flannery (*pro hac vice*)
Sharon K. Gagliardi (*pro hac vice*)
Teri-Lynn A. Evans (*pro hac vice*)
DECHERT LLP
2929 Arch Street
Philadelphia, PA 19105
Tel.: (215) 994-4000
Fax: (215) 994-2222

ATTORNEYS FOR PLAINTIFFS
SCA HYGIENE PRODUCTS AKTIEBOLAG and
SCA PERSONAL CARE, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2013, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Thomas P. O'Brien, III – tobrien@fbtlaw.com

Cory J. Skolnick – cskolnick@fbtlaw.com

Ira E. Silfin – isilfin@arelaw.com

Kenneth P. George – kgeorge@arelaw.com

Richard S. Mandaro – rmandaro@arelaw.com

Charles R. Macedo – cmacedo@arelaw.com

Jessica Capasso – jcapasso@arelaw.com

Michael Kasdan – mkasdan@arelaw.com

Addie A. Bendory – abendory@arelaw.com

*s/ E. Kenly Ames*
E. KENLY AMES