## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## BOWLING GREEN DIVISION

**CIVIL ACTION NO. 1:10CV-00122-JHM**

**SCA HYGIENE PRODUCTS AKTIEBOLAG and**
**SCA PERSONAL CARE, INC.**                                                                 **PLAINTIFFS**

**v.**

**FIRST QUALITY BABY PRODUCTS, LLC,**
**FIRST QUALITY HYGIENIC, INC.,**
**FIRST QUALITY PRODUCTS, INC., and**
**FIRST QUALITY RETAIL SERVICES, LLC**                                                  **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on a bill of costs and a revised bill of cost submitted by Defendants First Quality Baby Products, LLC, First Quality Hygienic, Inc., First Quality Products, Inc., and First Quality Retail Services, LLC requesting the Court to tax costs in the amount of $140,625.96 against the Plaintiffs, SCA Hygiene Products Aktiebolag and SCA Personal Care, Inc.,[DN 123, DN 131] pursuant to Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920. Plaintiffs have filed objections to Defendants' bill of costs [DN 126, DN 132]. Fully briefed, these matters are ripe for decision.

### I. STANDARD OF REVIEW

Federal Rule of Civil Procedure 54(d) "creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court." White & White, Inc. v. American Hosp. Supply Corp., 786 F.2d 728, 730 (6th Cir. 1986). See Ford v. FedEx Supply Chain Servs., Inc., 2009 WL 1585849, *1 (W.D. Tenn. June 3, 2009) ("There is "a presumption in favor of awarding costs to the prevailing party in accordance with Rule 54(d).").  Therefore, "[t]he party objecting to the taxation bears the burden of persuading the Court that taxation is improper." Roll v. Bowling

Case 1:10-cv-00122-JHM-HBB   Document 133   Filed 11/05/13   Page 2 of 11 PageID #: 6686

Green Metal Forming, LLC., 2010 WL 3069106, *2 (W.D. Ky. Aug. 4, 2010) (citing BDT Prods., Inc. v. Lexmark Intern., Inc., 405 F.3d 415, 420 (6th Cir. 2005), overruled on other grounds by Taniguchi v. Kan Pacific Saipan, Ltd., 132 S.Ct. 1997, 2007 (2012)). In Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437 (1987), the Supreme Court held that a district court may award costs only for those elements contained in 28 U.S.C. § 1920, which provides:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

## II. DISCUSSION

### A. Fees for Printed or Electronically Recorded Transcripts

Defendants seek to recover $42,842.85 as costs for fees for printed or electronically recorded transcripts obtained for use in this case. Deposition expenses are generally taxed as costs under §1920. Sales v. Marshall, 873 F.2d 115, 120 (6th Cir. 1989). However, "not all of the costs associated with these depositions are taxable." Charboneau v. Severn Trent Laboratories, Inc., 2006 WL 897131, *3 (W.D. Mich. Apr. 6, 2006). Plaintiffs object to the requested costs on the grounds that the costs are excessive or that Defendants have failed to demonstrate that the costs were

2

reasonably necessary. Plaintiffs claim that the Court's award of costs to Defendants for transcripts should not exceed $9,149.41.

**1. Costs of Deposition Transcripts of Defendants' Witnesses noticed by Plaintiffs**

Plaintiffs object to the cost of deposition transcripts of defense witnesses noticed by Plaintiffs. Deponents Bache, Silwanowiez, Damaghi, Oppenheim, Couch, Busch, Capone, and Minetola are all First Quality employees and party witnesses whose depositions were noticed by Plaintiffs. Likewise, Mr. Gardner and Mr. Addanki are both defense experts whose depositions were noticed by Plaintiffs. Plaintiffs argue that the costs for transcripts of these individuals were not necessary for the preparation of Defendants' case, and, as a result, Plaintiffs object to the $19,455.79 cost for the transcripts.

The Court finds that the fees requested by Defendants for the costs of the transcript copies of defense witnesses are properly taxable. As stated above, deposition expenses are taxable if they are necessarily obtained for use in the case. 28 U.S.C. § 1920. In the present case, the Plaintiffs noticed the depositions in question. Once Plaintiffs took the depositions, it would be reasonably necessary for Defendants to obtain a copy of the transcript. See, e.g., McInnis v. Town of Weston, 458 F. Supp. 2d 7, 22 (D. Conn. 2006); Crane-McNab v. County of Merced, 2011 WL 794284, *2 (E.D. Cal. Mar. 1, 2011)("Since plaintiffs could have used the depositions to impeach those witnesses at trial, it was reasonably necessary for defendant to obtain a copy of the transcripts."). In fact, "modern discovery practices and trial preparation virtually require that a party obtain copies of the depositions of its own employees and witnesses that are taken by its opponents." Longo v. Chao, 2008 WL 2783509, *3 (W.D. Tex. 2008)(citation omitted). For these reasons, the Court finds that it was reasonably necessary for Defendants to obtain a copy of the depositions noticed by

Plaintiffs.

### 2. Costs for both Videotaping and Transcribing

Section 1920 allows for "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." The Sixth Circuit "accords with other circuit and district courts in recognizing that video deposition costs are taxable under § 1920 and that both stenographic transcripts and videotaped depositions, together, may be taxed." Graham v. City of Hopkinsville, Ky., 2013 WL 4456685, *2 (W.D. Ky. Aug. 16, 2013); Hyland v. HomeServices of America, Inc., 2013 WL 1904513, *3 (W.D. Ky. May 7, 2013)(BDT Products, Inc. v. Lexmark International Inc., 405 F.3d 415, 420 (6th Cir.2005)(citing Tilton v. Capital Cities/ABC, Inc., 115 F.3d 1471, 1477 (10th Cir.1997)(holding that "videotape depositions are taxable under § 1920" and that "it was proper to tax both the cost of videotaping and transcribing the deposition")).

While conceding the appropriateness of obtaining videotape depositions of six of Plaintiffs' fact witnesses, Plaintiffs object to the costs for both videotaping and transcribing the depositions of the remaining witnesses noticed by Defendants, Valdecanas/DeMarinis, Sperry, Sherrod, and Gering. In response, Defendants argue that the videotape deposition costs of these witnesses were reasonably and necessarily incurred because these fact witnesses were all outside the subpoena power of the Court and failure to guarantee the presence of these witnesses at trial necessitated a video record of their testimony. Further, Defendants maintain that using a video of expert depositions at trial is commonplace, and therefore, the video of their expert's deposition should be recoverable.

The Court finds that Defendants have not satisfied their burden of demonstrating that both the cost to transcribe and videotape the remaining witnesses deposed by Defendants was reasonably

necessary for the preparation of Defendants' case. Defendants do not identify these witnesses as key witnesses for the Defendants' case. See, e.g., Hyland, 2013 WL 1904513, *3. Furthermore, if the witnesses were not subject to the subpoena power of the Court and Defendants needed to utilize part of their deposition testimony, Defendants could read those portions of the deposition into the record. For these reasons, the Court excludes the fees associated with the videotape deposition of these witnesses in the amount of $8,035.00.

### 3. Cost of Depositions Noticed by Defendants

Plaintiffs object to the costs of the transcripts and videotaped depositions for witnesses noticed by Defendants as being unreasonably overpriced. Plaintiffs contend that the considerably higher cost of copies of transcripts and videographer fees from Defendants' vendor, TSG Reporting, was unreasonable, unnecessary, and incurred merely for the convenience of counsel. Plaintiffs request the Court reduce the costs associated with transcripts and videos purchased from Defendants' vendor to the more reasonable rate charged by Plaintiffs' vendor.

First, Plaintiffs argue that copies of the depositions transcribed by TSG Reporting cost $4.75/page, but copies of the depositions transcribed by Magna Legal Services were considerably lower – only $2.95/per page. A review of the invoices of both reporting services reveals that Magna Legal Services charges $ 2.95 per page for "1 CERTIFIED COPY OF TRANSCRIPT," while TSG Reporting charges $4.75 per page for "Original & 1 Certified Transcript." Additionally, TSG Reporting credits Defendants $.25 per page for the certified transcript purchased by Defendants. Thus, an examination of the invoices reflects that TSG Reporting essentially charged Defendants $4.50 per page for both the Original **and** 1 Certified Copy of the Transcript. Plaintiffs have offered no argument that the per page charge for **both** the Original and Certified Copy is excessive.

5

Additionally, the Court finds that the Defendants are entitled to reimbursement for both the cost of the original transcripts and one certified copy of the deposition transcripts. The Court concludes that these "were reasonably necessary for use in the case and not merely for the convenience of counsel." Cunningham v. Target Corp., 2010 WL 1032772, *2 (W.D. Ky. March 17, 2010). "The practicalities of preparing and submitting a motion for summary judgment that cites to depositions often require that an attorney has ready access to the transcripts and the ability to mark annotations and cross-references on the pages." Id. See also Street v. U.S. Corrugated, Inc., 2011 WL 2971036, *2 (W.D. Ky. July 20, 2011). Thus, the costs associated with the depositions are properly taxable costs.

Second, Plaintiffs argue that the videographer cost for the videotaped depositions recorded by Magna Legal Services were only $95/hour, while the videographer cost from TSG Reporting was $325 for the first two hours and $100/hour thereafter, plus $62.50/hour for videosync. In response to this objection, Defendants argue that the rate TSG Reporting charged Defendants as the party ordering the video was comparable to the rate Magna Reporting Services charged Plaintiffs for the same service. Additionally, Defendants maintain that the syncing charges are necessary to make the videos useful at trial.

After a review of the invoices, the Court finds that Defendants have not submitted sufficient evidence to persuade the Court that the hourly rate charged by TSG Reporting for the vidoegrapher is reasonable. As such, the Court will reduce the videographer cost for the remaining video depositions in question by $135.00 for the first two hours and $5.00 for the additional hours.

With respect to the charges for synchronization of the video, in BDT Products, the Sixth Circuit affirmed the decision of the district court to tax charges "beyond just the transcripts of the

6

video depositions, including charges for video services, . . . video tapes, and the synchronization of the video and deposition transcripts." BDT Products, 405 F.3d at 419. Plaintiffs have not tendered any invoices from Magna Reporting Services for depositions Plaintiffs noticed reflecting their vendor's videosyncing charges. Further, in light of BDT Products, Plaintiffs have not persuaded the Court that the costs for videosyncing are improper. See, e.g., Thalji v. Teco Barge Line, 2007 WL 2827527, * 2 (W.D. Ky. Sept. 28, 2007).

For these reasons, the Court excludes the portion of fees associated with the excessive videographer rate in the amount of $812.50.

### 4. Deposition Exhibit Copies

Plaintiffs object to the cost of deposition exhibit copies as unnecessary expenses. Plaintiffs argue that the deposition exhibits were documents produced in the course of the litigation, that Defendants were already in possession of the deposition exhibits prior to taking of the depositions, and that any additional copies were merely for the convenience of counsel. Plaintiffs request the Court deny the $7,082.75 deposition exhibit costs.

Generally, "[c]opies of deposition exhibits are not taxable costs where the party was already in possession of the exhibits prior to the taking of depositions." Miles Farm Supply, LLC v. Helena Chemical Co., 2008 WL 4561574, *4 (W.D. Ky. Oct. 10, 2008) (citing Cengr v. Fusibond Piping Systems, Inc., 135 F.3d 445, 456 (7th Cir.1998)). However, the district court in Miles Farm Supply recognized that "the cost of obtaining one set of discovery documents in a usable format is reasonably necessary to the maintenance of an action and taxable." Id. (citing Irwin Seating Co. v. International Business Machines Corp., 2008 WL 1869055 *3 (W.D. Mich. April 24, 2008)).

In its reply brief to Plaintiffs' objection, Defendants represent that in many of the

depositions, the parties produced only one copy or a sample of the exhibits at the time of the deposition. Defendants contend that it was necessary to get copies of all the marked exhibits to insure the parties had a full, complete, and accurate record of what transpired during the deposition. Relying on Miles Farm Supply, Defendants argue that it should be permitted to recover for the costs of all deposition exhibits. In Miles Farm Supply, the district court permitted the prevailing party to recover the costs of deposition exhibits where the attorney by affidavit represented that he had ordered copies to make sure the defendant had "one full and complete copy of every exhibit" and the total cost of the deposition exhibits were only $193.88. Id. at *3. Likewise, here, Defendants ordered a complete copy of each deposition exhibit.

In view of the complex issues, the number of witnesses deposed by Plaintiffs, and the volume of documents produced, Defendants could reasonably need a copy of the exhibits from the depositions noticed by Plaintiffs in order to obtain a complete and accurate version of these depositions. See Crouch v. Teledyne Continental Motors, Inc., 2013 WL 203408, *9 (S.D. Ala. Jan. 17, 2013). Plaintiffs have not satisfied their burden of persuading the Court that Defendants had a copy of every exhibit of the depositions noticed by Plaintiffs.

However, with respect to the depositions noticed by Defendants, the Defendants have not adequately offered an explanation of why they did not have a copy of the exhibits used in those depositions. In fact, "cases assume that because the deposing party normally provides the exhibits, the 'deposing party should have no need other than the convenience of counsel for copies of the deposition exhibits.'" Competitor Liaison Bureau, Inc. v. Cessna Aircraft Co., 2011 WL 5358548, *4 (M.D. Fla. Oct. 17, 2011)(quoting George v. Florida Dept. of Corrections, 2008 WL 2571348, * 6 (S.D. Fla. May 23, 2008)); Robinson v. Alutiq-Mele, LLC, 643 F. Supp. 2d 1342, 1354 (S.D.

8

Fla. 2009)(disallowing copying cost of deposition exhibits where, "[p]resumably, Defendant possessed copies of the exhibits used at their deposition of Plaintiff."). Defendants have made no effort to show that it was necessary, rather than simply convenient, for them to obtain copies of the exhibits of the depositions Defendants noticed.

For these reasons, the Court sustains the Plaintiffs' objection to $4,086.00 in deposition exhibit copy costs.

**5. Other Items**

In response to Plaintiffs' objections, Defendants removed from its revised Bill of Costs those cost associated with expedited delivery, rough draft and real time fees, shipping, sales tax, and certain miscellaneous technical fees.

Accordingly, for the reasons set forth above, the Court finds that Defendants' Bill of Costs requested for fees for printed or electronically recorded transcripts shall be reduced by $12,933.50.

**B. Copies and Exemplifications**

Defendants seek $97,783.11 for fees for exemplification related specifically to the costs of electronic discovery processing and the costs of making copies. Section 1920 allows for "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." Plaintiffs challenge the Defendants' revised bill of costs with respect to the fees for exemplification and copies arguing that the Defendants failed to demonstrate that these files or documents were "necessarily obtained for use in the case." Plaintiffs also argue that most of the costs Defendants seek to recover are for document processing and do not qualify as exemplification and copying expenses. Plaintiffs concede that invoice numbers 1263792, 1372775, 1387380, 5673, 6124, and 6206, representing $2,539.16 in total, relate to electronic scanning and

imaging and are recoverable.

Exemplifications and copies "are necessary to the extent they 'were used as court exhibits or were furnished to the Court or the opposing counsel.'" Cooley v. Lincoln Elec. Co., 776 F. Supp. 2d 511, 576 (N.D. Ohio. 2011)(quoting Arthur S. Langenderfer, Inc. v. S.E. Johnson Co., 684 F. Supp. 953, 961 (N.D. Ohio 1988)); Hyland, 2013 WL 1904513, *2. Additionally, numerous courts, including the Sixth Circuit, have concluded that "'the costs of electronic scanning and imaging of documents are authorized under Section 1920 as 'exemplification' costs.'" Frye v. Baptist Memorial Hosp., Inc., 863 F. Supp. 2d 701, 710 (W.D. Tenn. 2012)("OCR Capture in this case was a necessary part of the discovery process.")(citing Medison America, Inc. v. Preferred Medical Sys., LLC, 2008 WL 687097, *1(W.D. Tenn. March 11, 2008); Brown v. The McGraw–Hill Companies, Inc., 526 F. Supp. 2d 950, 959 (N.D. Iowa 2007); BDT Products, Inc. v. Lexmark Intern., Inc., 405 F.3d 415, 420 (6th Cir. 2005)).

Here, Defendants represent that the fees for exemplification sought in this case relate specifically to the cost of electronic discovery, electronic document processing, and OCRs necessitated by the parties proposed discovery plan in this action. (See DN 38; DN 36, Section 5(j)(i)("The parties shall produce electronically stored information in single-page TIFF format, using Group IV compression with a resolution not less than 300 DPI, together with a Concordance data file with an Opticon load file, and the OCR for each document as a document-level text file with the same name as the corresponding image file . . . ."). Furthermore, the invoices tendered by Defendants specifically provide a brief description of the fees for electronic discovery and imaging expenses, such as native processing with TIFF conversion, OCR, project management, tech time, and endorsements. While Plaintiffs contend that many of the charges identified by Defendants as

electronic discovery are in fact merely charges for document processing, Plaintiffs have failed to identify which portions of the invoices in question are not recoverable. After examining the revised bill of costs, the exhibits, and the parties' arguments, the Court finds that Defendants sufficiently explained the purpose of these costs and, thus, satisfied their burden of demonstrating that these costs were reasonably necessary for the use in the case. In contrast, Plaintiffs have not meet their burden of persuading the Court that taxation of these costs is improper. See, e.g., Hyland, 2013 WL 1904513, *3.

While Defendants' revised bill of costs reflects the requested amount of $97,783.11 for fees for exemplification and copies, the itemized invoices attached as Exhibit H only total $58,428.14. It appears to the Court that the Defendants have eliminated any charges for pre-processing costs. (Invoice No. 1199912.) Based on the reasons set forth above and the tendered invoices, the Court awards Defendants $58,428.14 for fees for exemplification and copies.

### C. Stay of Enforcement of Bill of Costs

Plaintiffs request the Court stay enforcement of an award of costs pending the appeal pursuant to Fed. R. Civ. P. 62 and waive any bond requirement to stay enforcement of the costs. Defendants do not oppose this request.

### III. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that costs are awarded in favor of Defendants and against Plaintiffs in the amount of $88,337.49. Plaintiffs' motion to stay enforcement of an award of costs pending the appeal and waive the requirement of posting bond is **GRANTED**.

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc: counsel of record

November 5, 2013